Filed 1/23/24  P. v. Harrison CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082037 |
| v. | (Super.Ct.No. RIF1405852) |
| DAVID JAMES HARRISON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Dismissed

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On April 12, 2017, defendant and appellant David James Harrison pled guilty to unlawful possession of a firearm.  (Pen. Code, § 29800, subd. (a)(1), count 2.)[1]  On May 3, 2017, a jury convicted defendant of murder.   (§ 187, count 1.)  Defendant was found to have suffered two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a)).  Defendant thereafter admitted he had suffered five prior prison terms.  (§ 667.5, subd. (b).)  The court struck the prior strike convictions and imposed but stayed sentence on the prior prison term enhancements.[2]  The court sentenced defendant to an indeterminate term of imprisonment of 35 years to life.  (*Bennett*, *supra*, E072435.)

On June 22, 2023, defendant filed a form petition for resentencing pursuant to section 1172.6.  After a hearing on August 25, 2023, at which defendant was represented by counsel, the trial court denied the petition.

After defense counsel filed a notice of appeal, this court appointed counsel to represent him.  On appeal, counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and identifying two potentially arguable issues:  (1) whether defendant made a prima facie case for relief

---

[1]  All further statutory references will be to the Penal Code.
We take judicial notice of our prior nonpublished opinion from defendant's appeal from the original judgment in *People v. Bennett et al.* (May 4, 2021, E072435).  (Evid. Code, §§ 452, 459.)

[2]  On appeal from the judgment, we struck defendant's prior prison term enhancements.  (*Bennett*, *supra*, E072435.)

where the jury was instructed on general aiding and abetting principles in conjunction with an instruction on willful and deliberate premediated murder; and (2) whether the record reflects that defendant is ineligible for section 1172.6 relief as a matter of law.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

I concur:

FIELDS

J.

3

[*P. v. David Harrison*, E082037]

RAMIREZ, P. J., Dissenting.

I respectfully dissent. Our Supreme Court has afforded reviewing courts discretion with respect to the disposition of postconviction appeals in which appointed appellate counsel has filed a no-issues brief and defendant did not file a supplemental brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) For the reasons set forth in *People v. Griffin* (2022) 85 Cal.App.5th 329, I would exercise that discretion to conduct an independent review of the record.

RAMIREZ
P. J.

1